Filed 6/29/16  In re Francisco S. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re FRANCISCO S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. FRANCISCO S., Defendant and Appellant. | A146349 (Solano County Super. Ct. No. J43051) |

Francisco S. appeals after the juvenile court sustained five allegations stemming from his driving under the influence and engaging law enforcement in a high-speed chase, in a juvenile wardship petition.  (Welf. & Inst. Code, § 602.)[1]  On appeal, he requests that we conduct an independent review of the sealed transcript of the in camera hearing held on his *Pitchess*[2] discovery motion to determine whether the juvenile court made an adequate record and whether the court abused its discretion in finding there was no discoverable material.  We shall affirm the juvenile court's order.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

1

## PROCEDURAL BACKGROUND

On June 16, 2015, a juvenile wardship petition was filed, pursuant to section 602, alleging that appellant had committed the following offenses: assault upon a peace officer (Pen. Code, § 245, subd. (c)—count 1); evading an officer (Veh. Code, § 2800.2, subd. (a)—count 2); driving under the influence of alcohol or drugs (Veh. Code, § 23152, subd. (a)—count 3); driving while having a 0.08 percent or higher blood alcohol level (Veh. Code, § 23152, subd. (b)—count 4); and hit and run driving (Veh. Code, § 20002, subd. (a)—count 5).

On August 19, 2015, following a contested jurisdictional hearing, the juvenile court sustained the petition as to all five counts.

At the September 2, 2015 dispositional hearing, the court adjudged appellant a ward of the court and placed him in the custody of the probation department for suitable placement.

On September 22, 2015, appellant filed a notice of appeal.

## FACTUAL BACKGROUND

James Jones, a lieutenant with the Department of Fish and Wildlife and a designated peace officer, testified at the jurisdictional hearing. On June 14, 2015, approximately 11:10 a.m., Jones was in uniform, driving his marked patrol vehicle on Highway 12 in Napa County, when he observed a pickup truck in front of him swerving slightly in its lane. Jones drove past the truck and saw that the driver's "eyes were almost closed and he was trying to keep them open." At the hearing, Jones identified appellant as the driver. After appellant made an unsafe lane change, Jones activated the siren and lights on his vehicle, intending to conduct a traffic enforcement stop. Appellant then accelerated to 65 miles per hour and Jones pursued him. During the pursuit, appellant accelerated up to 90 miles per hour, at times using the shoulder of the road to pass other cars.

Jones and appellant entered Solano County, and appellant continued to drive erratically, weaving between other cars and driving between 65 and 80 miles per hour. While they were on Interstate 80, a Highway Patrol officer joined in the pursuit,

2

activating her vehicle's lights and siren, and Jones took a secondary position behind the Highway Patrol vehicle. They continued to pursue appellant when he exited the freeway in Fairfield, driving 80 miles per hour and running red lights. Appellant eventually struck another vehicle, but continued driving.

About 15 minutes into the pursuit, the Highway Patrol officer successfully conducted a pursuit intervention technique, which involved tapping the rear of appellant's truck with her vehicle and "spinning it out," to stop it. With the Highway Patrol vehicle stopped behind appellant's truck, Jones pulled his vehicle in front of the truck. Appellant drove forward a short distance, striking Jones's vehicle, then backed up and drove forward, striking the vehicle again. At that point, Jones exited his vehicle, drew his weapon, and pointed it at appellant while saying, "Stop. Get your hands up. Police." Appellant was still in his truck; he was looking down as he again hit Jones's vehicle in an effort to drive away. Jones continued to shout commands and appellant finally looked up, stopped, and put his hands up.

Fairfield police officers arrived and appellant slowly put his hands back down. The Fairfield officers then tased appellant before removing him from the truck. Jones later met with appellant at a hospital, where appellant waived his *Miranda* rights and acknowledged that he had consumed a half liter of red wine that morning.[3]

## DISCUSSION

Appellant requests that we conduct an independent review of the sealed transcript of the in camera hearing held on his *Pitchess* motion to determine whether the juvenile court made an adequate record and whether it abused its discretion in finding there was no discoverable material. Respondent does not oppose appellant's request.

In *Pitchess*, *supra*, 11 Cal.3d 531, the California Supreme Court "recognized that a criminal defendant may, in some circumstances, compel the discovery of evidence in the arresting law enforcement officer's personnel file that is relevant to the defendant's

---

[3] Appellant's blood alcohol level was tested at the hospital and was found to be 0.17 percent. He was 16 years old at the time he committed the offenses.

ability to defend against a criminal charge. 'In 1978, the California Legislature codified the privileges and procedures surrounding what had come to be known as "*Pitchess* motions" . . . through the enactment of Penal Code sections 832.7 and 832.8 and Evidence Code sections 1043 through 1045.' [Citation.] By providing that the trial court should conduct an in camera review, the Legislature balanced the accused's need for disclosure of relevant information with the law enforcement officer's legitimate expectation of privacy in his or her personnel records. [Citation.]" (*People v. Mooc* (2001) 26 Cal.4th 1216, 1219-1220 (*Mooc*).)

In *Mooc*, our Supreme Court set forth the procedure for the filing and review of a *Pitchess* motion: If, after a defendant files a motion for discovery of a peace officer's personnel records, and "the trial court concludes the defendant has fulfilled [the] prerequisites and made a showing of good cause, the custodian of records should bring to court all documents 'potentially relevant' to the defendant's motion. [Citation.]" (*Mooc*, *supra*, 26 Cal.4th at p. 1226.) The trial court should then examine the documents in an in camera hearing and, subject to certain exceptions and limitations, disclose to the defendant " 'such information [that] is relevant to the subject matter involved in the pending litigation.' [Citation.]" (*Ibid.*, quoting Evid. Code, § 1045, subd. (a).)[4] When examining the records, the trial court must "make a record of what documents it examined before ruling on the *Pitchess* motion. Such a record will permit future appellate review. If the documents produced by the custodian are not voluminous, the court can photocopy them and place them in a confidential file. Alternatively, the court can prepare a list of the documents it considered, or simply state for the record what documents it examined. Without some record of the documents examined by the trial

---

[4] Under Evidence Code section 1045, subdivision (b), the trial court "shall exclude from disclosure: [¶] (1) Information consisting of complaints concerning conduct occurring more than five years before the event or transaction that is the subject of the litigation in aid of which discovery or disclosure is sought. [¶] (2) In any criminal proceeding the conclusions of any officer investigating a complaint filed pursuant to Section 832.5 of the Penal Code. [¶] (3) Facts sought to be disclosed that are so remote as to make disclosure of little or no practical benefit."

court, a party's ability to obtain appellate review of the trial court's decision, whether to disclose or not to disclose, would be nonexistent." (*Mooc*, at p. 1229.)

We review a trial court's ruling on a *Pitchess* motion for an abuse of discretion. (*Mooc*, *supra*, 26 Cal.4th at p. 1228.)

In this case, defense counsel filed a *Pitchess* discovery motion on July 15, 2013. At the hearing on the motion, counsel narrowed the request to include only Lieutenant Jones and limited the issues to his veracity, use of force, and racial bias. The court granted the discovery motion and held an in camera hearing. After the hearing, the court informed counsel that it had found no records responsive to the motion, at which point the court ordered the transcript sealed.

We have reviewed the sealed transcript from the in camera hearing on appellant's *Pitchess* motion. The custodian of records testified under oath that he had brought all potentially relevant materials from Jones's personnel files, which the juvenile court reviewed and described on the record. (See *Mooc*, *supra*, 26 Cal.4th at p. 1229.) The custodian of records also described the few documents that were withheld and why they were not responsive to the motion. (See *id.* at p. 1230.) Based on our review of the sealed transcript, we conclude the trial court made an adequate record and properly exercised its discretion in finding that there was no discoverable material in Jones's personnel files. (See *id.* at pp. 1228-1229.)

## DISPOSITION

The juvenile court's order is affirmed.

_____
Kline, P.J.

We concur:


_____
Stewart, J.


_____
Miller, J.

*In re Francisco S.* (A146349)

6